**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| REGRESSIVE FILMS LLC., ) <br> an Illinois Limited Liability Company ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WAX TRAX! FILMS, LLC, ) <br> an Illinois Limited Liability Company; ) <br> ) <br> THE NASH GROUP 2449, LLC. ) <br> an Illinois Limited Liability Company; ) <br> ) <br> JULIA NASH and MARK SKILLICORN. ) <br> ) <br> Defendants. ) | Case No.: _____ <br><br> Judge _____ <br><br> Magistrate Judge _____ |

## COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the copyright laws of the United States, 17 U.S.C. 101 - 709 *et seq*. This Court has original jurisdiction over these claims pursuant to 28 U.S.C. 1338 (a), has exclusive jurisdiction over the copyright counts under pursuant to 28 U.S.C. 1338 (a), and has jurisdiction over the remaining counts pursuant to 28 U.S.C. 1338 (b) and under the doctrine of pendent jurisdiction.

2. Venue is proper in this District pursuant to 28 U.S.C. Sections 1391(b) and (c) and 1400(a).

### PARTIES

3. PLAINTIFF, REGRESSIVE FILMS. ("REGRESSIVE") is, and at all times herein mentioned was, a Limited Liability Company organized and existing pursuant to the laws of the State of Illinois and having its registered office at 5123 North Drake Ave., Chicago, IL 60625.

4. On information and belief, DEFENDANT, WAX TRAX! FILMS, LLC. ("WAX TRAX FILMS") is, and at all times herein mentioned was, a Limited Liability Company organized and existing pursuant to the laws of the State of Illinois, having its registered office at 844 North Humphrey Ave., Oak Park, IL, 60302 and does business in and has committed the acts complained of in the Northern District of Illinois.

5. On information and belief, DEFENDANT, THE NASH GROUP 2449 LLC, ("NASH GROUP") is, and at all times herein mentioned was, a Limited liability Company organized and existing pursuant to the laws of the State of Illinois, having its registered office using the address PO Box 5563 River Forest, IL 60305 and does business under the assumed name "WAX TRAX" in the Northern District of Illinois.

6. On information and belief, DEFENDANT JULIA NASH ("NASH") is an owner or co-owner of WAX TRAX FILMS and NASH GROUP, is the manager of WAX TRAX FILMS and NASH GROUP, has, with respect to the facts alleged in this Complaint, the right and ability to supervise the activities of WAX TRAX FILMS and NASH GROUP and has a direct financial interest in the activities of WAX TRAX FILMS and NASH GROUP and has a residence address of 844 North Humphrey Ave., Oak Park, IL, 60302.

7. On information and belief, DEFENDANT MARK SKILLICORN ("SKILLICORN") is an owner or co-owner of WAX TRAX FILMS and NASH GROUP, is the manager of WAX TRAX FILMS and NASH GROUP, has, with respect to the facts alleged in this Complaint, the right and ability to supervise the activities of WAX TRAX FILMS and NASH GROUP and has a direct financial interest in the activities of WAX TRAX FILMS and NASH GROUP and has a residence address of 844 North Humphrey Ave., Oak Park, IL, 60302.

8. There is such unity of interest and ownership between and among WAX TRAX

FILMS, NASH GROUP, NASH and SKILLICORN (hereafter sometimes referred to as "WAX TRAX") that the separate personalities of the persons and legal entities no longer exist and for the purpose of the facts alleged in this Complaint, adherence to the fiction of separate legal existence would sanction a fraud or promote injustice.

## FACTS COMMON TO ALL COUNTS

9. Between 1978 and 1992 non-parties Jim Nash and Dannie Flesher, both now deceased, operated a record store under the name Wax Trax and a record label under the name Wax Trax Records specializing in punk, new wave and industrial music genres in Chicago, Illinois. The Wax Trax Records label was purchased in 1992 by TVT Records, in New York., and discontinued in 2001. DEFENDANT NASH is the daughter of Jim Nash.

10. In 2007 PLAINTIFF REGRESSIVE created and produced a critically acclaimed documentary on the Chicago punk music scene entitled "You Weren't There: the History of Chicago Punk from 1977 to 1984."

11. WAX TRAX. being familiar with REGRESSIVE's "You Weren't There" film, approached REGRESSIVE to have REGRESSIVE create and produce a documentary regarding the Wax Trax record store and Wax Trax Records. REGRESSIVE was to put together a crew, conduct & film interviews, edit, basic animation, motion graphics, sound design, and deliver a final cut of the film.

12. Since at least as early as July 7, 2012 REGRESSIVE was retained by WAX TRAX and REGRESSIVE has expended substantial time and effort in creating an audiovisual work comprising a documentary about the Wax Trax record store and record label. The work done by WAX TRAX was always conducted nongratuitously. The work was also conducted in the absence of any written agreement relating to either (1) defining the work as work made for hire under the

Copyright Act or (2) assigning rights in REGRESSIVE's work product.

13. REGRESSIVE'S work ultimately included:

(a) creating a trailer which it presented twice at CIMM Fest in April 2013 and which we understand was subsequently displayed by WAX TRAX;

(b) creating a Kickstarter video publicly displayed in May – June 2015, and which resulted in $80,194 in revenue to WAX TRAX; and

(c) production and delivery on October 14, 2015 of "Wax Trax! Documentary Part 1."

14. WAX TRAX acknowledged REGRESSIVE's work on the project on the Internet and through social media posts beginning in February 2013 and as recently as July 2015, including, but not limited to:

(a) Monday, February 18, 2013 in an Internet post: "We are thrilled to be working with an extremely talented team. We tapped them for their thorough and engaging 2009 Chicago Punk documentary," You Weren't There". (If you care at all about Chicago underground music and art during the late 70's, I cannot recommend this film enough.";

(b) February 25, 2013 in an Internet post: "As we move forward, all communication to the film crew can be directed to regressivefilms@waxtraxchicago.com";

(c) April 3, 2013 in an Internet post: "Note: Regressive Films will also be showing the WT! documentary trailer at a special CIMM screening for their feature fiction "Punk Rock Musical", Sacrificial Youth on April 19;"

(d) June 25, 2015 to July 25, 2015 in its performance and display of the Kickstarter Video that was produced by REGRESSIVE.

15. On August 19, 2013 REGRESSIVE communicated to WAX TRAX regarding the parameters regarding their business relationship including the statement:

4

"Our costs for our time (Regressive Films). We can pretty easily make a guesstimate based on the amount of interviews conducted, footage logged, travel days etc. Editing and Post Production can be a little more hard to determine because you never know what technical curve balls you might be thrown our way (especially with old footage)."

16. Between July of 2012 and October of 2015 REGRESSIVE expended large amounts of time and effort creating audiovisual footage of interviews, organization, planning, travel, actual filming and editing, including dozens of interviews of persons familiar with Jim Nash, Dannie Flesher, Wax Trax the record store and Wax Trax Records.

17. On March 28, 2015 REGRESSIVE submitted to WAX TRAX a budget anticipating it would be incorporated in a written agreement between them, the budget including compensation for REGRESSIVE. This budget was for $85,000 but factored in a deep discount because REGRESSIVE expected great creative control, and as a budget, unanticipated changes in the work would change the ultimate price for the retainer of REGRESSIVE.

18. Also in 2015 REGRESSIVE filmed and edited a "Kickstarter" video specifically to be used by WAX TRAX to generate revenue. On June 25, 2015 SKILLICORN, individually, and on behalf of WAX TRAX, accepted the Kickstarter video from REGRESSIVE, which trailer was publicly displayed and brought in $80,194 in revenue.

18. On August 2, 2015 REGRESSIVE invoiced WAX TRAX for work done by REGRESSIVE totaling $102,177.00, after it became apparent that WAX TRAX was contemplating a different direction for the REGRESSIVE project, there still being an absence of a written agreement between WAX TRAX and REGRESSIVE, and considering WAX TRAX's large revenue receipt and reluctance to negotiate and sign a contract. The accounting included the CIMM Fest trailer, Kickstarter video and Wax Trax! Documentary Part 1. Specifically, the work

5

completed to August 2, 2015 included 51 interviews, 2 Kickstarter videos, 2 trailers, travel days, pre-production work, use of Video & Audio gear and support, Parking, Cab, and transportation costs. Additionally Post Production time spent to August 2, 2015 totaled 387 hours, broken down for interview and archival footage logging 240 hours, editing 127 hours with some additional post production time, 20 hours. Although there was a need to document the work already completed to that date, but still hoping to continue with the project, REGRESSIVE's accounting nevertheless reflected a discount from what REGRESSIVE would normally charge commercial clients.

19. Between August 2, 2015 and October 14, 2015 REGRESSIVE continued to work on the project and expended additional time and monies in support thereof. On October 14, 2015 REGRESSIVE delivered to WAX TRAX a link to an electronic version of "Wax Trax! Documentary Part 1."

20. Since that time, REGRESSIVE has demanded payment on its invoice and payment has been either specifically or constructively refused.

21. On information and belief, WAX TRAX having access to "Wax Trax! Documentary Part 1" is engaged in reproducing, copying or preparing derivative work of all or portions thereof in its creation of an audiovisual work separate from "Wax Trax! Documentary Part 1" so as to avoid paying REGRESSIVE, to generate additional revenue for WAX TRAX, and to distribute and publicly perform the reproduced, copied or derived work.

22. Additionally WAX TRAX has asserted that it, rather than REGRESSIVE, or as co-owner of, "Wax Trax! Documentary Part 1" has a right to commit acts that would otherwise be infringing if done of REGRESSIVE's work without REGRESSIVE's permission.

23. The foregoing acts and assertions will continue unless WAX TRAX is halted by order of this Court.

## COUNT I
## COPYRIGHT INFRINGEMENT OF WAX TRAX! DOCUMENTARY PART 1

24. REGRESSIVE repeats and alleges paragraphs 1 – 23 as if fully set forth herein.

26. WAX TRAX had access to, and on information and belief viewed or downloaded one or more copies of "Wax Trax! Documentary Part 1".

27. WAX TRAX is, on information and belief, preparing a new audiovisual work derivative of the copyrighted work "Wax Trax! Documentary Part 1" without the permission or authorization of REGRESSIVE.

31. On information and belief, the copies and derivative works above are intended to be, and unless enjoined will be, distributed and will be publicly performed.

33. REGRESSIVE owns copyright in "Wax Trax! Documentary Part 1" and has submitted an application to register said copyright with the US Copyright Office.

34. The acts complained of above will result in revenue and profit to WAX TRAX and injury to REGRESSIVE, but the full extent of said injury cannot be adequately remedied at law.

35. REGRESSIVE is entitled to recover from WAX TRAX, the gains, profits, enrichment and advantages WAX TRAX has obtained as a result of its acts of copyright infringement. REGRESSIVE presently is unable to ascertain the full extent of the gains, profits, enrichment and advantages WAX TRAX has obtained by reason of its acts of copyright infringement, and prays for and demands an accounting thereof.

## COUNT II
## COPYRIGHT INFRINGEMENT OF KICKSTARTER VIDEO

36. Plaintiff REGRESSIVE herein realleges and incorporates paragraphs 1 through 35of this complaint as if fully set forth herein.

37. REGRESSIVE created, filmed, edited and produced the Kickstarter Video

7

described above.

38. WAX TRAX distributed and publicly performed the Kickstarter Video by, on information and belief, uploading, or otherwise posting and operatively connecting to servers and user computers or otherwise making the video displayed to computer users.

39. The distribution and performance of the Kickstarter Video was without authorization in light of the failure of WAX TRAX to compensate REGRESSIVE or to reach agreement with REGRESSIVE regarding the terms and conditions of REGRESSIVE's work on the Wax Trax documentary project.

40. REGRESSIVE owns copyright in the Kickstarter Video and has submitted an application to register said copyright with the US Copyright Office.

41. The acts complained of above have resulted in revenue to WAX TRAX and injury to REGRESSIVE, but the full extent of said injury cannot be adequately remedied at law.

42. Unless enjoined, WAX TRAX may again distribute and/or display the Kickstarter Video.

43. REGRESSIVE is entitled to recover from WAX TRAX, the gains, profits, enrichment and advantages WAX TRAX has obtained as a result of its acts of copyright infringement. REGRESSIVE presently is unable to ascertain the full extent of the gains, profits, enrichment and advantages WAX TRAX has obtained by reason of its acts of copyright infringement, and prays for and demands an accounting thereof.

## COUNT III
## QUANTUM MERUIT

44. Plaintiff REGRESSIVE herein realleges and incorporates paragraphs 1 through 43 inclusive, of this complaint as if fully set forth herein.

45. REGRESSIVE performed film and audiovisual work production services to benefit

Case: 1:16-cv-05307 Document #: 1 Filed: 05/17/16 Page 9 of 12 PageID #:9

WAX TRAX from July, 2012 until October, 2015 including preproduction, production and post production services for 51 interviews, two trailers, two Kickstarter Videos and editing to create Wax Trax Documentary Part 1.

46. REGRESSIVE performed these services nongratuitously.

47. WAX TRAX accepted these services.

48. There is no contract between WAX TRAX and REGRESSIVE to prescribe payment of these service.

49. By reason of WAX TRAX's failure to compensate REGRESSIVE for its services, REGRESSIVE has sustained and will continue to sustain substantial monetary injury, loss, and damage to its rights.

## COUNT IV
## DECLARATION OF COPYRIGHT AUTHORSHIP AND OWNERSHIP

50. Plaintiff REGRESSIVE herein realleges and incorporates paragraphs 1 through 49 inclusive, of this complaint as if fully set forth herein.

51. REGRESSIVE pleads, in the alternative, that the Kickstarter Video and Wax Trax! Documentary Part 1, are Works of Authorship, under 17 USC 101 - 810.

53. WAX TRAX has asserted or otherwise taken the position that it is one or more of:

(a) sole Author of:

    (i) the Kickstarter Video and/or

    (ii) Wax Trax! Documentary Part 1;

(b) Co-Author of:

    (i) the Kickstarter Video and/or

    (ii) Wax Trax! Documentary Part 1;

(c) Work Made for Hire Author of:

9

        (i) the Kickstarter Video and/or

        (ii) Wax Trax! Documentary Part 1;

    (d) Assignee of:

        (i) the Kickstarter Video and/or

        (ii) Wax Trax! Documentary Part 1;

    (e) Licensee of:

        (i) the Kickstarter Video and/or

        (ii) Wax Trax! Documentary Part 1;

and said assertion of rights is in direct conflict with REGRESSIVE's ownership and authorship of said works.

54. WAX TRAX's assertion of rights in the preceding paragraph creates a real controversy between REGRESSIVE's rights and WAX TRAX's rights.

55. This Court has exclusive jurisdiction over determinations of Copyright authorship, hence initial ownership, and exclusive jurisdiction over determinations of Copyright infringement that may occur if a work was reproduced, distributed, performed, displayed or derived without authorization.

56. REGRESSIVE has an objectively reasonable apprehension that it will be subject to a lawsuit, either an infringement suit brought by WAX TRAX should REGRESSIVE continue its work on its Wax Trax! Documentary, or that WAX TRAX will reproduce, distribute, perform, display or derive a work that infringes REGRESSIVE's rights.

57. An actual and justiciable controversy exists between REGRESSIVE and WAX TRAX with respect to the authorship, validity and the infringement of United States Copyright rights.

58.     The baseless assertion of Copyright rights made by WAX TRAX are causing, and if they continue, will cause irreparable damage to REGRESSIVE.

**PRAYER FOR RELIEF**

**WHEREFORE**, the PLAINTIFF, REGRESSIVE FILMS LLC., requests that this court:

a) determine that REGRESSIVE is the author, as a work made for hire by its owners and employees of the Wax Trax! Trailer, the Kickstarter Video and Wax Trax! Documentary Part 1;

b) adjudge that DEFENDANTS WAX TRAX FILMS, NASH GROUP, NASH and SKILLICORN infringed the PLAINTIFF's copyrights;

c) enjoin DEFENDANTS WAX TRAX FILMS, NASH GROUP, NASH and SKILLICORN from continued infringement, false designation of origin, unfair competition, misappropriation, unjust enrichment, unprivileged imitation, unfair methods of competition and unfair trade practices;

d) order DEFENDANTS WAX TRAX FILMS, NASH GROUP, NASH and SKILLICORN to deliver up for destruction all unauthorized copies of, and works derived from, the PLAINTIFF's copyrighted work, along with any containers, labels, packages, wrappers, advertisements, magazines, posters, electronic, magnetic, optical or other media or other publications including derivative works of the unauthorized copies;

e) award to REGRESSIVE the gains, profits, enrichment and advantages from the sale of product by WAX TRAX FILMS, NASH GROUP, NASH and SKILLICORN's using the unauthorized copies of, and works derived from, REGRESSIVE's copyrighted work, unjust enrichment and unfair trade practices in

       any sum as the court shall find to be just as a result of WAX TRAX FILMS, NASH GROUP, NASH and SKILLICORN's wrongful acts;

f)     award to REGRESSIVE its quantum meruit damages in an amount to be established at trial;

g)     require WAX TRAX FILMS, NASH GROUP, NASH and SKILLICORN to pay the costs of this Action together with the REGRESSIVE's reasonable attorney's fees and disbursements incurred herein;

h)     award to the REGRESSIVE prejudgment and post judgment interest;

i)     award to the REGRESSIVE such other relief as this Court deems fair and just.

## JURY DEMAND

PLAINTIFF, REGRESSIVE, pursuant to Federal Rule of Civil Procedure 38(b), hereby demands a trial by jury on all issues triable of right by jury.

                                              Respectfully submitted,

                                              /David C. Brezina/

Date: May 17, 2016                 David C. Brezina
                                           Kevin A. Thompson
                                           Attorneys for Plaintiff
                                           REGRESSIVE FILMS, LLC
                                           Ladas & Parry, LLP
                                           224 S Michigan Ave, Suite 1600
                                           Chicago, Illinois 60606
                                           312-427-1300 Telephone
                                           312-427-6663 Facsimile
                                           dbrezina@ladas.net
                                           KThompson@ladas.net